# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2921

_____

| | | |
|---|---|---|
| Denise Smith, on behalf | * | |
| of B.M.M., | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Arkansas. |
| | * | |
| Michael J. Astrue, Commissioner, | * | [UNPUBLISHED] |
| Social Security Administration, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: June 3, 2010
Filed: June 15, 2010

_____

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Denise Smith, on behalf of her minor daughter B.M.M., appeals from the order of the District Court[1] affirming the denial of supplemental security income. Upon de novo review, see Moore ex rel. Moore v. Barnhart, 413 F.3d 718, 721 (8th Cir. 2005), we agree with the District Court that substantial evidence supports the administrative

_____

[1]The Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

law judge's determination that B.M.M.'s severe impairments are not functionally equivalent to a listed impairment or impairments because the record does not reflect an "extreme" limitation in at least one of the six functional domains listed in 20 C.F.R. § 416.926a(b)(1) or a "marked" limitation in at least two of the domains. We decline to address Smith's contention that B.M.M.'s severe impairments meet or are medically equal to a listed impairment or impairments. See Flynn v. Chater, 107 F.3d 617, 620 (8th Cir. 1997) (noting that new arguments need not be entertained on appeal unless manifest injustice would otherwise result); see also Rotskoff v. Cooley, 438 F.3d 852, 854–55 (8th Cir. 2006) (observing that an issue is deemed abandoned where it is not developed in brief); Vandenboom v. Barnhart, 421 F.3d 745, 750 (8th Cir. 2005) (summarily rejecting conclusory assertion that claimant was disabled under certain listings). Accordingly, we affirm.

_____